# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:17-CV-01577 |
| | ) |
| AGFA-GEVAERT NV, AGFA GRAPHICS NV, | ) **JURY TRIAL DEMANDED** |
| AGFA CORPORATION, AGFA GRAPHICS LTD | ) |
| (UK), | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

OF COUNSEL:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Jennifer S. Swan
Jeffrey D. Smyth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
(650) 849-6600

Howard W. Levine
Margaret A. Esquenet
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

POTTER ANDERSON & CORROON LLP
Peter J. Walsh, Jr. (No. 2437)
John A. Sensing (No. 5232)
Ryan C. Cicoski (No. 5466)
Stephanie E. O'Byrne (No. 4446)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000 – Telephone
pwalsh@potteranderson.com
jsensing@potteranderson.com
rcicoski@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff, E. I. du Pont de
Nemours and Company*

David R. Lefebvre
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

Thomas A. Stevens (No. 3039)
IP Corporate Counsel
E. I. DU PONT DE NEMOURS AND COMPANY
DuPont Legal
CRP 721/2152
974 Centre Road
Wilmington, DE  19805
(302) 999-6200 – Telephone
thomas.alfred.stevens@dupont.com

Dated:  November 17, 2017
Public Version Dated: November 27, 2017

Plaintiff E. I. du Pont de Nemours and Company, for its First Amended Complaint alleges as follows:

## PARTIES

1.      Plaintiff E. I. du Pont de Nemours and Company ("DuPont") is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at Chestnut Run Plaza, Wilmington, DE 19880.  DuPont is a wholly owned subsidiary of DowDuPont, Inc.

2.      Agfa-Gevaert NV, also known as Agfa-Gevaert Group, is a Belgium public limited company with its principal place of business at Septestraat 27, B-2640 Mortsel ("Agfa-Parent").  Agfa-Parent is a global parent corporation to several wholly owned agent-subsidiaries through which it centrally operates its Agfa Graphics Division ("the AGFA Graphics Division").  Agfa-Parent actively participates in the management, control, and decision-making of its agent-subsidiaries.

3.      The AGFA Graphics Division is organized into global sales regions, two of which are Europe and North America.

4.      Upon information and belief, defendant Agfa Graphics NV is a Belgium public limited company and a wholly owned subsidiary of Agfa-Parent with its principal place of business at Septestraat 27, B-2640 Mortsel, Belgium ("Agfa Graphics NV").  On information and belief, Agfa Graphics NV operates as part of, and with and under the dominion and control of Agfa-Parent and/or Agfa-Parent's Graphics Division, and it is the assignee of European Patent No. 1 170 121 B1, entitled "Direct-to-plate flexographic printing plate precursor" ("EP '121 Patent").  On information and belief, it is also the assignee of United States Patent No. 6,551,759, also entitled "Direct-to-plate Flexographic Printing Plate Precursor" ("'759 Patent").

5.      Upon information and belief, defendant Agfa Graphics Ltd (UK) is a wholly owned subsidiary of Agfa-Parent ("Agfa Graphics Ltd (UK)"); it is organized under the laws of England and maintains its principal place of business at Coal Rd, Leeds, Yorkshire, LS14 2AL, United Kingdom.  Agfa Graphics Ltd (UK) operates as part of, and with and under the dominion and control of Agfa-Parent or Agfa Graphics NV and/or AGFA Graphics Division.

6.      Upon information and belief, defendant Agfa Corporation is a wholly owned subsidiary of Agfa-Parent and it is organized under the laws of the State of Delaware and maintains its principal place of business at 611 River Drive, Center 3, Elmwood Park, NJ 07407 ("Agfa Corporation").  Agfa Corporation operates as part of, and with and under the dominion and control of Agfa-Parent or Agfa Graphics NV, and/or AGFA Graphics Division.

7.      Agfa-Parent, Agfa Graphics NV, Agfa Corporation, and Agfa Graphics Ltd (UK) will be referred collectively herein as "AGFA."

8.      Agfa-Parent, Agfa Graphics NV, and the AGFA Graphics Division are headquartered in Belgium, AGFA's headquarters country.  On information and belief, the main, central management and "policy-making body" of AGFA Graphics Division is the "Graphics Management Committee," which is comprised of regional Presidents and Vice-Presidents of the AGFA Graphics Division.

9.      Sales activities of the AGFA Graphics Division are organized globally with "over forty local subsidiaries" in sales regions, two of which are Europe and North America.  Stefaan Vanhooren is President of Agfa Graphics NV in Belgium and reporting to him is Gunter Mertens, President, Agfa Corporation, AGFA Graphics Division's United States sales-agent subsidiary in North America.  On information and belief, through its AGFA Graphics Division,

AGFA asserts and exercises its dominion and control over its several sales-agent subsidiaries from Belgium.

## NATURE OF THE ACTION

10.     This is an action brought by DuPont against AGFA under (1) the patent laws of the United States, 35 U.S.C. § 101, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; (2) the Lanham Act 43(a), 15 U.S.C. § 1125; (3) the Copyright Act of 1976 (as amended), 17 U.S.C. § 101, *et seq*.; and (4) the laws of the State of Delaware, including breach of contract and violations of the Deceptive Trade Practices Act and Consumer Fraud Act.  This dispute involves AGFA's accusations against DuPont of infringement of the '759 Patent and corresponding foreign patents, and other related violations concerning AGFA's wrongful and misleading conduct and willful infringement of copyright in the marketplace.

11.     DuPont owns all title, right, and interest in certain relevant copyrighted and registered materials identified herein.  It has standing to assert and enforce its copyrights against parties infringing those copyrights.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the patent claims and copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has subject matter jurisdiction over the unfair competition claim under the Lanham Act pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  This Court has subject matter jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over Agfa Corporation at least because Agfa Corporation is incorporated in the State of Delaware and because Agfa Corporation entered into a contract with DuPont which contract expressly states that it is to be construed in accordance

3

with the laws of the State of Delaware and governed by the decision of Delaware's courts with respect to any question or controversy arising thereunder (*see infra* Ex. D at §17.A).

14.     This Court also has personal jurisdiction over Agfa Corporation because it has affirmatively availed itself of this Court's jurisdiction by filing suit in this district. *See, e.g., Agfa Corp., et al v. Compression Labs Inc., et al.*, No. 1-04-cv-00818 (D. Del.).

15.     This Court has personal jurisdiction over Agfa-Parent, Agfa Graphics NV, and Agfa Graphics Ltd (UK) (collectively "AGFA-Europe") because, through their own dominion or control and actions and/or their agent-subsidiaries' dominion and control and actions, and/or their control and dominion of AGFA Graphics Division and instrumental use of their agent-subsidiaries, they have aided or abetted each other in committing and/or directly or indirectly committed tortious, illegal or injurious acts, or otherwise have transacted business and contracted to supply services in Delaware within the scope of Delaware's long arm statute, 10 Del. C. § 3104. AGFA-Europe has minimum contacts with Delaware that relate directly to this controversy such that personal jurisdiction over them will not violate Constitutional due process, and it is fair and reasonable for this Court to assert personal jurisdiction over them.

16.     Upon information and belief, by or through conduct, coordination, supervision or their dominion and control of the AGFA Graphics Division, Agfa-Parent and/or Agfa Graphics NV have maintained systematic and continuous contacts with Agfa-Parent's wholly owned subsidiary Agfa Corporation, a Delaware corporation. Upon information and belief, Agfa-Parent and/or Agfa Graphics NV have exerted and continue to exercise dominion and control over Agfa Corporation, directing it, for example, ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

17.     Further, AGFA-Europe has committed, or has aided and abetted each other in committing or causing tortious conduct directed at DuPont, a Delaware corporation, and thus this Court may exercise jurisdiction over AGFA-Europe for this additional reason. *Eudaily v. Harmon*, 420 A.2d 1175, 1179-80 (Del. 1980).

18.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

19.     DuPont is the global manufacturer and supplier of Cyrel® Flexographic Printing Plates and Equipment.  Flexographic printing plates are used to print color images on flexible labels and packaging for hundreds of everyday items, including potato chip bags, frozen vegetable bags, milk cartons, candy bar wrappers, and cereal boxes.  These printing plates resemble large rubber stamps.  DuPont first developed analog flexographic printing plates with photopolymerizable materials in the 1950s.  In the early-1990s, DuPont invented a new and vastly superior digital imaging technology to produce flexographic printing plates.  For many years, the most common technique used to develop plates involved a chemical solvent wash, leaving an image suitable for printing.  In an effort to avoid the more cumbersome aspects of solvent development, in 1999 DuPont invented a thermal development process for developing digital flexographic plates.  It later commercialized that invention.  DuPont offers a line of both digital and analog flexographic printing plates suitable for thermal development along with corresponding thermal development processing equipment under the trade name Cyrel® FAST.

20.     Agfa Graphics NV is the assignee of the '759 Patent (attached hereto as Exhibit A).

5

21.     Agfa Graphics NV is also the assignee of German Patent DE 600 00237 T2 (attached hereto as Exhibit B), which is the German national counterpart to the EP '121 Patent (attached hereto as Exhibit C), the European counterpart to the '759 Patent.

22.     After the EP '121 Patent was granted, DuPont filed an opposition to the EP '121 Patent with the European Patent Office ("EPO") on March 25, 2003. Initially, the EP '121 Patent was revoked for insufficient disclosure by decision of the Opposition Division of the EPO on April 26, 2007. Subsequently, on July 23, 2010, this decision was set aside by the Board of Appeals of the EPO, and the procedure for further examination was referred back to the Opposition Division. On February 1, 2017, the Opposition Division rejected DuPont's arguments for revoking the reinstated EP '121 Patent. DuPont filed an appeal to Board of Appeals of the EPO on April 19, 2017. The parties await a decision in the pending appeal.

23.     In or about 2005, AGFA, via Agfa Graphics NV, communicated to DuPont their belief that certain of DuPont's Cyrel® FAST flexographic printing plates and corresponding equipment ("alleged infringing products") marketed in Europe and the United States infringe respectively the EP '121 Patent in Europe and the '759 Patent in the United States. DuPont disagreed and maintained that the EP '121 Patent and the '759 Patent were invalid.

24.     Throughout 2005, DuPont and AGFA engaged in negotiations regarding licensing or sale of the EP '121 Patent, the '759 Patent, and the corresponding foreign patents in this family. No licensing or sales agreement was reached. Instead, DuPont and AGFA agreed to suspend negotiations until a final Opposition decision on the EP '121 Patent was issued.

25.     Beginning in or about 2010, ███████████████████████████ ███████████████████████████████████████████████████████

████████████████████████████████████████████ The products included products that AGFA now alleges infringe its '759 and EP '121 patents.

26.    In or about 2010, DuPont and AGFA—via Agfa Graphics Ltd (UK)—entered into a contractual agreement ("the UK Agreement") ████████████████████████ ████████████████████████████████████████████ Pursuant to the UK Agreement, ████████████████████████████ ████████████████████████

27.    Starting in 2011, DuPont and AGFA—via Agfa Corporation— ██████████ █████████████████████████████████████, which was renewed, the latest version of which was signed in 2016 (attached hereto as Exhibit D), pursuant to which ████████████████████████████████████████ ████████████████████████████████████

28.    Pursuant to the US Agreement, ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ █████████████████████████████

29.    As explained by the US Agreement:

████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████

30.    AGFA further agreed, under the US Agreement, to ████████████ ████████████████████████████████████████ ████████████████████████████████████



31.

32.

33.

███████████████████████████████████████

██████████████████████

34.    In addition, and on information and belief, AGFA has obtained copies of the

DuPont Works and other copyright-protected all-rights-reserved materials from the DuPont

website located at www.dupont.com (the "Website") in violation of the Website's Terms of Use.

The prominent Legal Notice and Terms of Use on the Website (attached hereto as Exhibit N)

expressly states that the content of the Website may be used solely for personal purposes to

interact with the Website.  Specifically, the Terms of Use states as follows:

> DuPont grants you a limited, personal, non-exclusive and non-
> transferable license to use and display the materials on this Site
> only on your personal computer or mobile device, and only for
> purposes of your interaction with this Site. Except as stated herein,
> you have no right to copy, download, display, perform, reproduce,
> distribute, modify, edit, alter, or enhance any of the materials on
> this Site in any manner. This limited license terminates
> automatically, without notice to you, if you breach any of these
> Terms. Upon termination, you must immediately delete and
> destroy any downloaded and printed materials. You have no right,
> title, or interest (and no copyright, trademark, or other intellectual
> property right) in or to this Site or any materials on this Site.
> (Ex. N at 1.)

35.    

36.    AGFA benefited and profited from these activities and has ████████████

███████████████████████████████████████

37.    Some of the alleged infringing products ████████████████████ ████████████████████████████████████████ are manufactured in Germany and exported to the United States from DuPont's facility in Neu-Isenburg, Germany.

38.    Further, some of the alleged infringing products ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ are manufactured in DuPont's facility in Germany and in the United States as well at DuPont's facility in Parlin, New Jersey.

39.    On July 4, 2017, AGFA—via Agfa Graphics NV—filed a patent infringement action against DuPont in Regional Court in Dusseldorf, Germany.  The complaint (attached hereto as Exhibit E) asserts that DuPont's Cyrel® FAST DFR plates manufactured in Germany and/or sold in Germany and throughout the world infringe German Patent DE 600 00237 T2, which is the counterpart to the EP '121 Patent and '759 Patent.

40.    AGFA, however, continues to ████████████████████████████████ ████████████████████████ as AGFA has done for years.  Thus, AGFA has sued DuPont in Germany for ████████████████████████████████████████████████████████ ████████████████████████████████

41.    ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

(Attached hereto as Exhibits F, G, H, and I are Annex 1, 2, and 3, and page 3 of the "Analysis Report:  Cyrel® DFR" of Exhibit E).

42.   

43.     On August 31, 2017, DuPont via letter (attached hereto as Exhibit J) notified Agfa-Parent, Agfa Graphics NV, Agfa Graphics Ltd (UK) and Agfa Corporation that they were

. The letter stated in part:  "To avoid what appears to us as a renewed necessity for DuPont's taking legal actions today against AGFA, its patents, or its agent-subsidiaries in the United States or Europe, we ask that you dismiss—or consent to stay—the German action." (Ex. J at 4.)

44.     DuPont demanded further that the four AGFA entities, "together or separately" cease and desist "from breaching, inducing or aiding the breach, or conspiring to cause the breach of terms and conditions—including all implied covenants of good faith and fair dealing—" dismiss or stay the German action; and provide DuPont with "written assurances…that no entity under the ownership or control of AGFA will in the future

11

45.     On behalf of all four entities, Agfa-Parent and Agfa Graphics NV responded via letter on September 6, 2017 (attached hereto as Exhibit K) and declined to dismiss the German action or provide the requested assurances.

46.     On September 7, 2017, DuPont confirmed AGFA's ███████████████ ████████████████████████████████████████████████████████████████ ██████ dismiss the German action, and submit the requested written assurances.  Negotiations proposed in that letter (attached hereto as Exhibit L) have failed to resolve the parties' disputes.

47.     As of October 27, 2017, AGFA informed DuPont of its intention to terminate both the UK Agreement and US Agreement.

48.     On October 31, 2017, AGFA notified DuPont that it would not make a required payment owed to DuPont ████████████████ DuPont is reasonably under threat of a patent infringement action or other suit in the United States based on at least the prior threat of enforcement of the '759 Patent, the recent suit filed in Germany enforcing the German counterpart patent to the '759 Patent, the statements and refusal to give assurances, the recent termination of the UK and US Agreements, and AGFA's refusal to pay monies ███████ ██████████████████.

## COUNT I

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '759 PATENT

49.     DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

50.     There is an actual, substantial, and continuing justiciable case or controversy between AGFA and DuPont regarding the invalidity of the '759 Patent.

51.     The claims of the '759 Patent are invalid at least for failure to comply with the requirements for patentability of Title 35 of the U.S. Code, including at least one or more of 35 U.S.C. §§ 102, 103, and 112.

52.     In particular, the claims of the '759 Patent are anticipated and/or obvious in view of at least U.S. Patent No. 5,262,275, U.S. Patent No. 5,175,072, and DuPont's prior invention, prior public use, and prior sale of DuPont's 67 DPS plates, alone or in combination.

53.     DuPont is entitled to a declaratory judgment that the claims of the '759 Patent are invalid.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '759 PATENT

54.     DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

55.     There is an actual, substantial, and continuing justiciable case or controversy between AGFA and DuPont regarding infringement of the '759 Patent.

56.     DuPont does not infringe the '759 Patent at least because every claim of the '759 Patent is invalid for the reasons laid out in Count I, and there can be no liability for infringement of an invalid claim.

57.     As such, DuPont is entitled to a declaratory judgment of non-infringement.

## COUNT III

## DECLARATORY JUDGMENT OF IMPLIED LICENSE OF THE '759 PATENT

58.     DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

13

59.    There is an actual, substantial, and continuing justiciable case or controversy between AGFA and DuPont regarding whether DuPont has an implied license to the '759 Patent.

60.    AGFA, through misleading statements to and conduct with DuPont, ██████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████

61.    AGFA's statements and conduct started at least as early as 2009 when DuPont and AGFA ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████ Building on this successful relationship, in 2010, DuPont and AGFA ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

62.    Further building on this successful relationship, in or about 2011, DuPont and AGFA entered into the US Agreement, which was renewed, the latest version of which was signed in 2016, pursuant to which AGFA ████████████████████████████████

████████████ Pursuant to the US Agreement, AGFA agreed among other things to ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████



63.     DuPont relied on these statements and conduct by AGFA ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These efforts included, among other things, entering into ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in the United States and United Kingdom.  DuPont also relied on these statements and conduct by AGFA by not taking action sooner to invalidate the '759 Patent via an *inter partes* review or by seeking a Declaratory Judgment of invalidity or non-infringement.

64.     DuPont would be materially prejudiced if AGFA was now allowed to enforce the '759 Patent against DuPont for selling the alleged infringing products when AGFA ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—and continues to do so.

65.     DuPont is entitled to a declaratory judgment that it has an implied license to the '759 Patent, which is a complete defense to a charge of patent infringement of the '759 Patent.

## COUNT IV

## DECLARATORY JUDGMENT OF EQUITABLE ESTOPPEL

66.     DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

67.     For all the reasons set forth above, there is an actual, substantial, and continuing justiciable case or controversy between AGFA and DuPont regarding whether DuPont is entitled to the defense of equitable estoppel to a charge of infringement of the '759 Patent.

68.     The same allegations set forth in paragraphs 1 through 65 also give rise to the defense of equitable estoppel.

69.     DuPont is thus entitled to a declaratory judgment of equitable estoppel against AGFA, which is a complete defense to a charge of patent infringement of the '759 Patent.

**COUNT V**

**UNFAIR COMPETITION CLAIM UNDER SECTION 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125)**

70.     DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

71.     This claim is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.  AGFA has engaged in unfair methods of competition and deceptive acts in or affecting commerce.  For years, ███████████████████████████ ███████████████████████████████████████████████ ███████████████████

72.     In or about 2010 pursuant to the UK Agreement, ███████████████ ███████████████████████████████████████████████ ██████████████████

73.     In or about 2011, pursuant to the US Agreement, which was renewed, the latest version of which was signed in 2016, AGFA agreed among other things to ███████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████

16



74.   After years of AGFA ███████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████In fact, AGFA's German lawsuit is currently ongoing while it
simultaneously ████████████████████████through the US and UK Agreements.
DuPont has been harmed by AGFA's actions.

75.   AGFA's conduct has also created consumer confusion for customers who
████████████████████████████████████ Such customers would reasonably
believe that such products should be free from liability from charges of patent infringement
based on either an exhaustion or implied license theory. Yet, AGFA now contends that the use
of such products by customers constitutes infringement of its patents. AGFA's actions have
adversely affected the goodwill and reputation of DuPont.

76.   Further, when AGFA ██████████████████ it is implicitly warranting that
those products have the approval or sponsorship of AGFA. AGFA's contentions that the use of
such products constitute patent infringement creates a high likelihood of confusion or
misunderstanding.

77.   DuPont has suffered damages as a direct and proximate result of AGFA's
conduct.

78.   AGFA's conduct is willful, deliberate, intentional, and in bad faith. AGFA
engaged in unlawful and unfair and deceptive business practices that have harmed and will
continue to harm DuPont's reputation and sales.

79.    Due to AGFA's acts alleged herein, DuPont has suffered, is suffering, and will continue to suffer irreparable harm and damage, and unless AGFA is restrained from continuing its unfair and deceptive acts and practices, the damage to DuPont will continue.

80.    As a result of the foregoing unfair method of competition and deceptive acts and practices, DuPont is entitled to damages in an amount to be proven at trial.

## COUNT VI

## DECLARATORY JUDGMENT OF PATENT EXHAUSTION

81.    DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

82.    A potential claim of patent infringement by AGFA ███████████████

███████████████████████████████████████████

███████████████████████████

83.    Therefore, DuPont is entitled to a declaratory judgment of patent exhaustion regarding AGFA's sales of DuPont's products in the United States.

## COUNT VII

## VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT

84.    DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

85.    AGFA's patent infringement suit in Germany, ███████████████

███████████████████████████ is conduct that creates a likelihood of confusion or of misunderstanding for consumers in violation of the Delaware *Deceptive Trade Practices Act* at 6 Del. C. § 2532.

86.     On information and belief, beginning in or about 2011, pursuant to the US

Agreement, which was renewed, the latest version of which was signed in 2016, AGFA agreed

among other things to ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

87.     After years of AGFA ████████████████████ DuPont's alleged

infringing products, AGFA is now suing DuPont for infringement of ████████████

████████████████ In fact, AGFA's lawsuit is currently ongoing while it

simultaneously generates ████████████████ through the US and UK Agreements.

DuPont has been harmed by AGFA's actions.

88.     AGFA's actions have also created consumer confusion for customers who

purchase ████████████████████████████ Such customers would reasonably

believe that such products should be free from liability from charges of patent infringement

based on either an exhaustion or implied license theory.  Yet, AGFA now contends that the use

of such products by customers constitutes infringement of its patents.  AGFA's actions have

adversely affected the goodwill and reputation of DuPont.

89.     AGFA's deceptive trade practices have had and will continue to have a negative

impact on the public, as actual and potential customers of DuPont's products from ██████

███████are likely to be confused as to whether those products are subject to a claim of patent

infringement.

90.     Further, when AGFA ████████████████ it is implicitly warranting that those products have the approval or sponsorship of AGFA.  AGFA's contention that the use of such products constitutes patent infringement creates a high likelihood of confusion or misunderstanding.

91.     AGFA's conduct is willful, deliberate, intentional, and in bad faith.  AGFA engaged in unlawful and unfair business practices that have harmed and will continue to harm DuPont's reputation and sales.

92.     AGFA's unlawful, unfair, and deceptive trade practices have and will continue to damage DuPont's reputation and sales in an amount to be determined at trial, as recoverable under 6 Del. C. § 2531, including treble damages under 6 Del. C. § 2533.

93.     Further, as set forth above, the US Agreement further specifically required that



████████ Nevertheless, AGFA when filing its infringement action in Germany against DuPont used ████████████████████████████████████████████████████

████████████████████████████████████████████████████ to initiate its lawsuit against DuPont in Germany.

94.     In attempt to excuse its wrongful conduct ████████████████ ████████ AGFA alleges that it downloaded such material from, *inter alia*, DuPont's website.

95.    AGFA, however, ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████

96.    To the extent AGFA downloaded the materials used in their German complaint from DuPont's website, the terms of use from DuPont's website explicitly states:

> DuPont grants you a limited, personal, non-exclusive and non-transferable license to use and display the materials on this Site only on your personal computer or mobile device, and only for purposes of your interaction with this Site. Except as stated herein, you have no right to copy, download, display, perform, reproduce, distribute, modify, edit, alter, or enhance any of the materials on this Site in any manner. This limited license terminates automatically, without notice to you, if you breach any of these Terms. Upon termination, you must immediately delete and destroy any downloaded and printed materials. You have no right, title, or interest (and no copyright, trademark, or other intellectual property right) in or to this Site or any materials on this Site. (Ex. N at 1.)

97.    When AGFA accessed DuPont's website it thus entered into a contract with DuPont governed by the terms of use set forth above.

98.    AGFA's acts of copying, reproducing, distributing, modifying, editing, and/or altering DuPont's materials obtained from DuPont's website in support of AGFA's infringement complaint filed in Germany violated the terms of use of DuPont's website and breached the contract AGFA entered into with DuPont by accessing DuPont's online content.

99.    DuPont has suffered damages as a direct and proximate result of AGFA's violation of the terms of use and breach of contract with DuPont.

100.    AGFA's acts have directly and indirectly caused and will cause irreparable harm to DuPont and to the reputation associated with DuPont's products and business relationships, for which DuPont has no adequate remedy at law.  Thus, DuPont is entitled to injunctive relief.

21

## COUNT VIII

### VIOLATION OF DELAWARE CONSUMER FRAUD ACT

101.    DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

102.    Delaware's *Consumer Fraud Act* at 6 Del. C. § 2511, *et seq.* ("CFA") defines "merchandise" to include "services."  A person subject to the CFA includes corporations or other legal or commercial entities.

103.    The CFA provides that any "act, use or employment by any person of any deception, …or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale…of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice."  6 Del. C. § 2513.

104.    Since in or about 2011, as reflected in the US Agreement, which was renewed, the latest version of which was signed in 2016, AGFA engaged in an unlawful practice in that

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████   AGFA, on information and belief, knowingly used or employed deception and/or knowingly concealed or suppressed material facts with an intent that DuPont rely on its concealment or suppression; that is, AGFA performed its ██████████████████████ for DuPont for over 7 years knowing full well at the time—but not disclosing—that it was

██████████████████████████████████████████████████████

22

████████████████████████████ of infringing the '759 Patent.  AGFA intentionally concealed and failed to disclose that material information to DuPont.

105.    AGFA's unlawful practices employed such deception and/or such concealment each and every time it delivered an allegedly infringing service or sale on DuPont's behalf in the United States.  AGFA's acts and practices were gross, oppressive, aggravated and/or constituted a breach of trust or confidence.

106.    AGFA's actions set forth above in Count VII and herein additionally constitute unfair competition under the common law of Delaware.

107.    AGFA's violations of the CFA injured DuPont in fact and entitles DuPont to compensatory damages, punitive damages, injunctive relief and such other relief as this cause of action allows.

## COUNT IX

## BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND FAIR DEALING

108.    DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

109.    On information and belief, by exercise of dominion and control over Agfa Corporation, Agfa-Parent and/or Agfa Graphics NV and/or Agfa-Parent's Graphics Division effectively control the business of Agfa Corporation, the United States agent-subsidiary.  Such control includes the administration of DuPont's US Agreement with Agfa Corporation, through which DuPont effectively entered into a valid contract with AGFA under Delaware law.

110.    On information and belief, as part of its shared and common plan to harm DuPont as set out in Counts V, VII-VIII, Agfa-Parent and/or Agfa Graphics NV and/or Agfa-Parent's

23

Graphic Division exercised such dominion and control to cause Agfa Corporation to breach the US Agreement on AGFA's behalf in order to harm DuPont.

111.   Upon information and belief, AGFA was fully aware of its contractual obligations under the US Agreement, but actively and wrongly took action contrary to the overarching purpose of the US Agreement and its specific provisions in order to perpetrate a common plan as set out in Counts V, VII-VIII.

112.



113.

On information and belief,

114.   In attempt to excuse its wrongful conduct

AGFA alleges that it downloaded such material from, *inter alia*, DuPont's website.

115.   AGFA, however, was not permitted to use such materials, regardless of whether they were actually

24

116.    to initiate its lawsuit against DuPont in Germany.

117.

118.  AGFA benefited for years

As such, AGFA proceeded in bad faith in filing its infringement lawsuit and thus violated the implied covenant of good faith and fair dealing that is implied in every contract under Delaware law and cannot be waived.

119.   DuPont has suffered damages as a direct and proximate result of AGFA's breach of contract with DuPont.

120.   AGFA's breach of contract was a willful act performed in the course and furtherance of AGFA's violations and misconduct set out in Counts V, VII-VIII.

121.   As a result of these breaches set forth above, DuPont has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT X

## COPYRIGHT INFRINGEMENT

122.   DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

123.   The DuPont Works are original works of authorship created by DuPont.

25

124.    DuPont owns all right, and interest in the DuPont Works and the DuPont Works are the subject of valid and subsisting registrations issued by the U.S. Copyright Office, namely U.S. Copyright Registration No. TX0008429562 and U.S. Copyright Registration No. TX0008427628. (Ex. M)

125.    AGFA has had and continues to have access to the DuPont Works.

126.    AGFA has infringed and continues to infringe DuPont's copyright in the DuPont Works in violation of 17 U.S.C. § 106 by reproducing, distributing, displaying, and/or creating derivative works from the DuPont Works without DuPont's authorization.

127.    AGFA has infringed and continues to infringe DuPont's copyright in the DuPont Works in violation of 17 U.S.C. § 106 by reproducing, distributing, displaying, and/or creating derivative works from the DuPont Works ███████████████████████████████

128.    There is an actual, substantial, and continuing justiciable case or controversy between AGFA and DuPont regarding whether AGFA has infringed DuPont copyrighted materials, including at least, Annex 1 (Ex. F), Annex 2 (Ex. G), and Annex 3 (Ex. H) attached to the "Analysis Report:  Cyrel® DFR" (Ex. E) and filed with the complaint in Germany.

129.    AGFA's infringement was a willful act performed in the course and furtherance of AGFA's violations and misconduct set out in Counts V, VII-VIII.

130.    DuPont has been and continues to be damaged by AGFA's unauthorized reproduction, distribution, display, and/or creation of derivative works of the DuPont Works.

131.    As a result of the foregoing copyright infringement, DuPont requests an injunction against Agfa's ongoing and future infringement, and is entitled to damages in an amount to be proven at trial.

26

## COUNT XI

## BREACH OF WEBSITE TERMS OF USE

132.    DuPont re-alleges and incorporates by reference the preceding paragraphs as though fully set forth in this paragraph.

133.    AGFA has alleged that it downloaded the DuPont materials it used to file its complaint in Germany from DuPont's website.  (*See* Ex. K at 2.)

134.    DuPont's website includes a Legal Notice and Terms of Use, which states as follows:

> DuPont grants you a limited, personal, non-exclusive and non-transferable license to use and display the materials on this Site only on your personal computer or mobile device, and only for purposes of your interaction with this Site. Except as stated herein, you have no right to copy, download, display, perform, reproduce, distribute, modify, edit, alter, or enhance any of the materials on this Site in any manner. This limited license terminates automatically, without notice to you, if you breach any of these Terms. Upon termination, you must immediately delete and destroy any downloaded and printed materials. You have no right, title, or interest (and no copyright, trademark, or other intellectual property right) in or to this Site or any materials on this Site. (Ex. N at 1.)

135.    When AGFA accessed DuPont's website it thus entered into a contract with DuPont governed by the terms of use set forth above.

136.    AGFA's acts of copying, reproducing, distributing, modifying, editing, and/or altering DuPont's materials obtained from DuPont's website in support of AGFA's infringement complaint filed in Germany violated the terms of use of DuPont's website and breached the contract AGFA entered into with DuPont by accessing DuPont's online content.

137.    AGFA's breach of contract was a willful act performed in the course and furtherance of AGFA's violations and misconduct set out in Counts V, VII-VIII.

27

138.    DuPont has suffered damages as a direct and proximate result of AGFA's violation of the terms of use and breach of contract with DuPont.

139.    As a result of these breaches set forth above, DuPont has suffered and will continue to suffer damages in an amount to be proven at trial.

## JURY DEMAND

140.    Pursuant to Rule 38(b), Fed. R. Civ. P., DuPont requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, DuPont prays that this Court:

a)   Declare that all claims of the '759 Patent are invalid;

b)   Declare that DuPont does not infringe the '759 patent because DuPont has an implied license and/or because of equitable estoppel;

c)   Declare this case exceptional under 35 U.S.C. § 285 and award DuPont its costs, disbursements, and attorney fees in connection with this action;

d)   Declare that the DuPont works are original works of authorship created and owned by DuPont;

e)   Declare that AGFA has violated DuPont's rights in the DuPont Works by reproducing, distributing, displaying, and or creating derivative works of the DuPont Works without authorization from DuPont and thus AGFA's acts constitute copyright infringement;

f)   Declare that AGFA's reproduction, distribution, display, and or creation of derivative works of the DuPont Works in ████████████████████████████████ and thus AGFA's acts constitute copyright infringement;

28

g) Declare that AGFA's reproduction, distribution, display, and or creation of derivative works of the DuPont Works in ███████████████████████ and thus AGFA's acts constitute breach of contract;

h) Declare that DuPont has breached DuPont's website terms of use and that is reproduction, display, and or creation of derivative works of the DuPont materials from DuPont's website exceeds its authorized use;

i) Issue a preliminary and permanent injunction against Agfa-Parent, Agfa Corporation, Agfa Graphics NV and/or Agfa Graphic Ltd (UK) against their further breach of contract, unfair and deceptive trade acts or practices or other fraudulent or unfair competition, any further action that violates, abuses, or fails to comply with restrictions on copying or use of DuPont Works, and any further action the Court deems just and proper;

j) Award damages sufficient to compensate DuPont for AGFA's unfair competition, deceptive trade practices, breach of contract, and copyright infringement; and

k) Award DuPont such other and further relief that this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By:  /s/ Ryan C. Cicoski
     Peter J. Walsh, Jr. (No. 2437)
     John A. Sensing (No. 5232)
     Ryan C. Cicoski (No. 5466)
     Stephanie E. O'Byrne (No. 4446)
     1313 North Market Street
     Hercules Plaza, 6th Floor
     Wilmington, DE 19801
     (302) 984-6000 – Telephone
     pwalsh@potteranderson.com
     jsensing@potteranderson.com
     rcicoski@potteranderson.com
     sobyrne@potteranderson.com

OF COUNSEL:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Jennifer S. Swan
Jeffrey D. Smyth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

*Attorneys for Plaintiff, E. I. du Pont de Nemours and Company*

29

Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
(650) 849-6600

Howard W. Levine
Margaret A. Esquenet
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

David R. Lefebvre
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

Thomas A. Stevens (No. 3039)
IP Corporate Counsel
E. I. DU PONT DE NEMOURS AND COMPANY
DuPont Legal
CRP 721/2152
974 Centre Road
Wilmington, DE  19805
(302) 999-6200 – Telephone
thomas.alfred.stevens@dupont.com

Dated:  November 17, 2017
5566831/20120-735
 Public Version Dated: November 27, 2017